FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★   05 2007  ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RONALD PERRO,

                Petitioner,

   -against-

PAUL LAIRD, Warden of the
Metropolitan Detention Center,

                Respondent.
----------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

07-CV-1123 (ARR)

ROSS, United States District Judge:

    Petitioner, appearing *pro se,* files the present action seeking a writ of mandamus to forestall his transfer from the Metropolitan Detention Center to another federal facility during the 10 months remaining in his federal sentence. The petition is dismissed for the following reasons.

## DISCUSSION

    Petitioner styles his action as a petition for a writ of habeas corpus, mandamus and injunctive relief. The Court construes petitioner's submission liberally, as he is proceeding *pro se*. See Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) ("[A] district court must review a *pro se* petition ... 'with a lenient eye, allowing borderline cases to proceed.'") (quoting Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983).

**Mandamus Relief**

    Title 28 of the United States Code, Section 1361 provides that "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. It is well settled that mandamus is a drastic remedy to be used only in

extraordinary circumstances. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980); In re W.R. Huff Asset Mgmt. Co., 409 F.3d 555, 562 (2d Cir. 2005). The Second Circuit has established three prerequisites to the issuance of a writ of mandamus: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the [respondent] to do the act in question; and (3) no other adequate remedy available." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (quoting Lovallo v. Froehlke, 468 F.2d 340, 343 (2d Cir. 1972).

While the mandamus application requires the existence of a clear non-discretionary duty owed to a petitioner, no such obligation to petitioner exists in this matter, rendering the application of 28 U.S.C. § 1361 inapposite. Petitioner seeks to prevent the Bureau of Prisons ("BOP") from effecting his transfer to another federal facility. It is well settled that a prisoner has no constitutional right to serve a sentence in any particular institution or to be transferred or not transferred from one facility to another. Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Decisions about where to house a particular inmate are committed to the discretion of the BOP, which is to consider factors enumerated in 18 U.S.C. § 3621(b). Accordingly, the district court "has no authority to order that a convicted defendant be confined in a particular facility . . . ; those decisions are within the sole discretion of the Bureau of Prisons." United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995). As there is no duty owed to Petitioner under the circumstances, there is no cause for issuance of a writ of mandamus. See Anderson, 881 F.2d at 5 (mandamus is inappropriate where the challenge does not involve a plainly defined and peremptory duty on the part of the federal agency), citing Heckler v. Ringer, 466 U.S. 602, 617 (1984).

## Habeas Relief

Petitioner also seeks to challenge the BOP's designation of the location of his confinement through a petition pursuant to 28 U.S.C. § 2241. "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). However, in order to seek judicial review of BOP decisions, a petitioner must first exhaust his administrative remedies. See Id. at 634. Here, Petitioner asks the Court to excuse his failure to exhaust his claims, citing "time constraints" and asserting that if he is transferred while his administrative request is pending, his claim would become moot. (Petition ¶ 11.) In this case, failure to exhaust the administrative remedy leaves this Court with no choice but to dismiss the petition. As there has been no administrative proceeding, there is no record of the BOP's decision for this Court to review.

Petitioner acknowledges the BOP's discretion to designate the place of his confinement. (See Petition ¶ 8; March 19, 2007 Letter.) Because the designation decision is within the discretion of the BOP, Petitioner has no legitimate constitutional basis to attack the decision unless he can show that the agency's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(a); see also Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984).

Petitioner argues that the BOP's designation constitutes an abuse of discretion. In particular, he insists that transferring him while his appeal and motions are pending and with only a few months remaining in his sentence is not cost-efficient, serves no penological purpose, and is contrary to the Bureau of Prison's own policy. (Petition ¶¶ 8-10.) Petitioner asserts that

3

"unusual circumstances exist warranting review of the BOP's decision." (March 19, 2007 Letter.) However, the Court has no grounds to review the BOP's decision in this case in order to determine whether the agency properly considered the factors outlined in 18 U.S.C. § 3621(b). The Court believes that it is premature to demand that the BOP explain its decision-making process, before Petitioner has even sought relief through the BOP's administrative procedures. Accordingly the petition for a writ of habeas corpus is dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons set forth above, Petitioner's request for mandamus relief is denied. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed without prejudice to renewal should Petitioner exhaust his administrative remedies. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal taken from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
April ___, 2007

4